DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTONIO WRENCHER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2014

[January 10, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 2010CF013598A.

Antonio Wrencher, Bristol, pro se.

No appearance required for appellee.

PER CURIAM.

Antonio Wrencher appeals the trial court's order summarily denying his rule 3.850 motion for postconviction relief. We affirm and write to explain why certain issues argued by Wrencher on appeal were not properly presented below and are not before this Court.

In November 2010, Wrencher killed his girlfriend outside of a bar by stabbing and slashing her numerous times with a kitchen knife. At trial, the State presented copious evidence that Wrencher premeditated the murder, which was committed in front of at least one witness and to which Wrencher confessed. The jury convicted him of first degree murder, and he was sentenced to life in prison. This Court affirmed on direct appeal without a published opinion. *Wrencher v. State*, 181 So. 3d 503 (Fla. 4th DCA 2015) (table).

Wrencher filed a timely rule 3.850 motion raising seven claims. The trial court ordered the State to respond to the motion. Thereafter, and without seeking leave to amend, Wrencher filed an amended motion purporting to add two more claims. The State responded to the initial motion attaching records to refute the seven claims but did not address

the eighth and ninth claims asserted in the amended motion. The trial court denied Wrencher's initial motion, incorporating the State's response. Wrencher moved for rehearing, but did not take issue with the court's failure to address the eighth and ninth claims raised in the amended motion.

Wrencher then filed another amended motion, which he titled "Third Amended Rule 3.850 motion," purporting to add a tenth claim. He then appealed the order denying rehearing as to his initial motion. At no time did Wrencher seek or obtain leave of court to amend his motion.

While this appeal was pending, the court entered an order dismissing without prejudice Wrencher's last amended motion, which asserted the tenth claim for relief, because of a deficient oath. Wrencher filed an amendment including an unnotarized oath. He also moved for rehearing from the nonfinal order dismissing the amended motion without prejudice. The court denied rehearing. Wrencher did not file a notice of appeal from this order.

In his Initial Brief, Wrencher argues that the court erred in denying all ten of his claims. We affirm without further discussion the court's summary denial of claims one through seven – which are the only matters properly before this Court.

The amended motion purporting to add claims eight and nine was not properly presented to the trial court, and the court did not address these claims. Pursuant to Florida Rule of Criminal Procedure 3.850(e), a movant must obtain leave of court to amend a postconviction motion after the court has ordered the State to respond.[1] *See also Saltzman v. State*, 154 So. 3d 438 (Fla. 4th DCA 2014).

Wrencher neither requested nor obtained leave of court to amend his motion. The eighth and ninth claims were not addressed by the State in its response nor by the trial court in its order. Any error in the denial of these claims is not preserved for appeal. Regardless, we have reviewed the claims, which are wholly without merit.

---

[1] In relevant part, the rule provides: "Leave of court is required for the filing of an amendment after the entry of an order pursuant to subdivision (f)(5) [denying motions conclusively resolved by court records] or (f)(6) [requiring a response from the State]." Fla. R. Crim. P. 3.850(e).

Finally, the nonfinal order dismissing the last amended motion without prejudice was not appealable, and Wrencher did not file a notice of appeal. Again, Wrencher did not obtain leave to amend as required by rule 3.850(e). The trial court did not address the tenth claim on the merits, and the issue is not properly before this Court.[2]

Wrencher's filing of a series of amended motions seeking to add more claims after the trial court had ordered the State to respond was an abuse of procedure. The 2013 amendments to rule 3.850, which added the requirement that a defendant obtain leave to amend, were designed to avoid piecemeal litigation of motions. *See In re Amendments to Fla. Rules of Criminal Procedure & Fla. Rules of Appellate Procedure*, 132 So. 3d 734, 738 (Fla. 2013). Postconviction movants must present their claims in a single motion within the two year time limit, and once the court has taken action on the motion, the movant must obtain leave to amend. Courts should strike amended motions that are filed without leave of court as required by the rules.

*Affirmed.*

MAY, CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[2] As with all the other claims, the argument raised in the tenth claim is without merit. Trial counsel was not ineffective in failing to move for judgment of acquittal. The State presented abundant evidence at trial to establish Wrencher's premeditation. Counsel was not deficient, and prejudice cannot be shown.